1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHER CHANG, | ) | 1:04cv6587 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PLAINTIFF'S |
| v. | ) | SOCIAL SECURITY COMPLAINT |
| | ) | |
| JO ANNE B. BARNHART, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**<u>BACKGROUND</u>**

Plaintiff Cher Chang ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge, for findings and recommendation to the District Court.

1

## FACTS AND PRIOR PROCEEDINGS[1]

2      Plaintiff filed his application on February 9, 2000, alleging disability since April 30,

3  1996, due to "stroke, Vietnam war disability, chest, gunshot wound, chronic chest pain,

4  rheumatoid arthritis, numbness, asthma attacks, panic, depression."  AR 192-195, 210-219.

5  After being denied both initially and upon reconsideration, Plaintiff requested a hearing before an

6  Administrative Law Judge ("ALJ").  AR 196-199, 204-207, 208-209.  On June 5, 2002, ALJ

7  James P. Berry held a hearing.  AR 364-379.  ALJ Berry denied benefits on June 27, 2002.  AR

8  14-22.  On September 17, 2004, the Appeals Council denied review.  AR 6-10.

9      Plaintiff filed a previous application for disability benefits in June 1998.  AR 17.  An ALJ

10  denied benefits on December 30, 1999.  AR 31-40.

11  Hearing Testimony

12      On June 5, 2002, ALJ Berry held a hearing in Fresno, California.  AR 364.  Plaintiff

13  appeared with his attorney, Jeffrey Milam.  An interpreter assisted at the hearing.  AR 364.

14      Plaintiff was born in Laos in 1933.  AR 368.  He has not had any schooling and can't read

15  or write in any language.  AR 372.  He lives with his wife and two children.  AR 374.  His

16  children take care of the household, or he asks other relatives to help.  AR 375.

17      He last worked two or three years ago as an in-home health care provider for his wife,

18  who receives SSI benefits.  AR 369, 376.  He can no longer take care of her because his pain is

19  getting worse and he had gallbladder surgery.  AR 370.  He has multiple tender points on his

20  body.  AR 371.  He has pain in his chest from wounds he suffered during the war.  AR 371.  He

21  is using a cane because of the pain.  AR 371.  He has problems with shaking, especially in his left

22  leg.  AR 372-373.

23      He estimated that he could stand, without the cane, for about five minutes.  AR 372.  The

24  heaviest thing he could carry was a small container of milk.  AR 373.  He has trouble writing,

25  cleaning and dusting with his hands, especially his right hand.  AR 374.  He has trouble sitting

26

27

28
        [1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

and thought he could sit for about 20 minutes.  AR 376.  He has not gone shopping for the past two years.  AR 377.

Medical Evidence

_____In December 1999, Plaintiff began complaining of body aches, bone pain, chest pain, low blood pressure and right hand pain.  AR 304, 305.

_____On April 21, 2000, Plaintiff saw Shireen R. Damania, M.D., for a consultive psychiatric evaluation.  Plaintiff indicated that he could not work because of pain all over his body.  He complained that he was depressed, had a poor appetite and trouble sleeping.  Upon mental status examination, his mood was very mildly depressed.  His memory for recent and past recall was intact and his attention span was within normal limits.  Dr. Damania diagnosed adjustment disorder with depressed mood and assessed a GAF of 55.  She indicated that Plaintiff had no limitations in his daily activities due to an emotional impairment, had no difficulties in interpersonal skills or social functioning, and had no difficulties in concentration, persistence and pace.  She opined that Plaintiff could understand, remember and carry out simple instructions and could respond appropriately to coworkers, supervisors and the public.  AR 289-291.

Also on April 21, 2000, Plaintiff saw Rustom F. Damania, M.D., for a consultive physical examination.  Dr. Damania diagnosed an old deformity of Plaintiff's right wrist secondary to a shrapnel wound.  Plaintiff's examination was essentially otherwise normal.  Dr. Damania opined that Plaintiff should have no difficulty working a normal eight hour day.  He had no postural, manipulative, visual, communicative or environmental restrictions.  AR 293-297.

_____On April 24, 2000, Plaintiff underwent an x-ray of his thoracic spine.  The x-ray revealed a 1.5 centimeter piece of shrapnel fragment in the soft tissue.  There was no evidence of fracture or dislocation.  There was a mild curvature of the upper thoracic spine.  AR 301.

A renal ultrasound performed in November 2000 indicated the formation of cholelithiasis (gallstones).  AR 303.

_____In January and March 2001, Plaintiff complained of headaches, body aches, and abdominal pain.  His physician discussed gallbladder surgery.  AR 323.  He underwent surgery in April 2001.  AR 327.

1 _____On April 10, 2001, State Agency physician Murray Mitts, M.D., opined that Plaintiff did

2 not have a medically determinable mental impairment.  AR 258.

3 _____In September 2001, Plaintiff complained of worsening depression.  He explained that his

4 depression was due to his Vietnam war experience.  His mood was angry and his affect tense,

5 and he complained of decreased sleep, nightmares, intrusive thoughts and flashbacks.  He was

6 diagnosed with post traumatic stress disorder ("PTSD"), delayed type, and depressive disorder,

7 not otherwise specified.  He was prescribed anti-depressant medication and referred to a PTSD

8 group.  AR 319, 321-322.

9 _____In October 2001, Plaintiff complained of chest pain and body aches.  His physician

10 recommended chiropractic treatments.  AR 320.

11 _____In January and February 2002, Plaintiff's antidepressant medication was increased.  By

12 May, Plaintiff was taking three medications.  AR 308, 316-317.

13 _____Treatment notes from April 2002 indicate a diagnosis of low blood pressure and myalgia.

14 AR 309.

15 _____In May 2002, Charles Phillips, M.D., completed a medical report.  He indicated that he

16 began treating Plaintiff in 1995 and had last seen him on May 20, 2002.  Dr. Phillips noted that

17 Plaintiff suffered from intentional tremors and questioned whether this was early Parkinson's

18 disease.  He also diagnosed Plaintiff with possible lumbar disc syndrome, PTSD and post-war

19 injury.  He opined that Plaintiff could occasionally lift and carry up to 10 pounds, could sit for a

20 total of two hours in and eight hour day, and stand/walk for a total of two hours in an eight hour

21 day.  He could never climb, stoop, kneel or crawl but could occasionally stoop and frequently

22 balance.  He had numerous environmental restrictions because of his tremors and PTSD.  AR

23 334-338.

24 Plaintiff underwent lumbar spine x-rays on May 23, 2002.  The x-rays revealed a

25 "significant interval increase in the degree of compression of the L2 level since the previous

26 study of 1-31-02."  AR 357.  There was also osteopenia and vascular calcification.  AR 357.

27

28

1    Plaintiff also underwent chest x-rays on May 23, 2002.  The tests revealed a very faint
2    mild opacity in the right apex, but it was unclear whether this represented chronic fibrosis.  AR
3    358.  The x-ray was otherwise unremarkable.  AR 358.

4    On May 29, 2002, Plaintiff was evaluated by psychiatrist Maximo Parayno, M.D.
5    Plaintiff complained of recurrent nightmares and depression.  On mental status examination, he
6    was alert but disoriented to time and place.  His mood was depressed and his affect flat.  His
7    memory was impaired and his judgment and insight were fair.  Dr. Parayno diagnosed PTSD and
8    major depression, recurrent.  He opined that Plaintiff was disabled both physically and mentally
9    and unable to engage in any substantial gainful activity.  AR 341-343.

10   Plaintiff continued to receive treatment for his musculoskeletal complaints and mental
11   symptoms from May 2002 through March 2003.  AR 345-356, 359-360.

12   _____ALJ's Findings_

13   At the beginning of his decision, the ALJ noted that Plaintiff had filed a previous
14   application that was denied in 1999.  AR 17.

15   After reviewing the evidence, the ALJ determined that Plaintiff did not have a severe
16   impairment.  AR 21.  In so finding, he determined that Plaintiff's subjective complaints were not
17   corroborated by the medical evidence.  AR 20.  The ALJ concluded that Plaintiff had failed to
18   overcome the presumption of continuing non-disability by showing changed circumstances,
19   pursuant to *Chavez v. Bowen*.  AR 22.

20                          **SCOPE OF REVIEW**

21   Congress has provided a limited scope of judicial review of the Commissioner's decision
22   to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,
23   the Court must determine whether the decision of the Commissioner is supported by substantial
24   evidence.  42 U.S.C. 405 (g).  Substantial evidence means "more than a mere scintilla,"
25   *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*
26   *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a
27   reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at
28   401.  The record as a whole must be considered, weighing both the evidence that supports and

1   the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993,

2   995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must

3   apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).

4   This Court must uphold the Commissioner's determination that the claimant is not disabled if the

5   Secretary applied the proper legal standards, and if the Commissioner's findings are supported by

6   substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th

7   Cir. 1987).

8   ## REVIEW

9       In order to qualify for benefits, a claimant must establish that he is unable to engage in

10  substantial gainful activity due to a medically determinable physical or mental impairment which

11  has lasted or can be expected to last for a continuous period of not less than 12 months. 42

12  U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of

13  such severity that he is not only unable to do her previous work, but cannot, considering his age,

14  education, and work experience, engage in any other kind of substantial gainful work which

15  exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

16  The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th

17  Cir. 1990).

18      In an effort to achieve uniformity of decisions, the Commissioner has promulgated

19  regulations which contain, inter alia, a five-step sequential disability evaluation process. 20

20  C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).[2]  Applying this process in this case, the ALJ

21  found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of

22  disability; and (2) does not have an impairment or a combination of impairments that is

23  considered "severe" (dysthymic disorder and anxiety disorder not otherwise specified) based on

24  the requirements in the Regulations (20 CFR §§ 416.920(b)). AR 22.

25      Plaintiff contends that the ALJ (1) failed to review and develop the mental health record;

26  (2) improperly applied case law due to bias; (3) failed to analyze the testimony; and (4) failed to

27  rely on substantial evidence in finding Plaintiff not disabled.

28

[2]All references are to the 2002 version of the Code of Federal Regulations unless otherwise noted.

1 **DISCUSSION**

2 A.   Mental Health Record

3 _____Plaintiff appears to argue that the ALJ should have accepted the opinion of Dr. Parayno,

4 rather than the opinion of Dr. Damania.  He further contends that there was a "lack of clarity" in

5 Dr. Damania's opinion that required further clarification.

6 Plaintiff essentially argues that the ALJ should have accepted the opinion of one

7 consultive physician over the other, and points out alleged deficiencies in the credited opinion in

8 support of his argument.  Although Plaintiff contends that Dr. Parayno is his treating psychiatrist

9 at Kings Winery Clinic, the doctor did not state this in his report and instead indicated that his

10 opinion was based on the May 2002 evaluation.  AR 341.

11 The ALJ is responsible for resolving conflicts in the medical evidence.  *Magallanes v.*

12 *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  Indeed, the court must uphold the ALJ's decision

13 where the evidence is susceptible to more than one rational interpretation.  *Id.*

14 Here, Dr. Damania opined that Plaintiff was not limited by an emotional impairment and

15 could understand, remember and carry out simple instructions and could respond appropriately to

16 coworkers, supervisors and the public.  AR 289-291.  On the other hand, Dr. Parayno opined that

17 Plaintiff was significantly limited and could not perform any substantial gainful activity.  AR

18 343.  The ALJ rejected Dr. Parayno's opinion, explaining that the restrictions appeared to be

19 based heavily on Plaintiff's subjective complaints.  AR 21.  *Thomas v. Barnhart,* 278 F.3d 948,

20 957 (9th Cir. 2002); *Fair v. Bowen*, 885 F.2d 597, 605 (9th 1989).  The ALJ also rejected Dr.

21 Parayno's memory restrictions based on Plaintiff's ability to provide the doctor with a thorough

22 history of his lift events.  AR 21.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (an

23 ALJ is entitled to draw inferences logically flowing from the evidence).

24 Insofar as Plaintiff contends that Dr. Damania's opinion was flawed, thereby making

25 reliance on the opinion improper, his argument fails.  He contends that her report was unclear

26 with respect to Plaintiff's limitations and argues that she "suggests" a preclusion against complex

27 and detailed work.  Plaintiff also contends that the ALJ should have further developed the

28 evidence to clarify the opinion.

1    Contrary to Plaintiff's argument, Dr. Damania's opinion is not unclear, inconsistent or

2    incomplete.  After examining Plaintiff, she opined that he would have no limitations in his daily

3    activities due to an emotional impairment, had no difficulties in interpersonal skills or social

4    functioning, and had no difficulties in concentration, persistence and pace.  She opined that

5    Plaintiff could understand, remember and carry out simple instructions and could respond

6    appropriately to coworkers, supervisors and the public.  AR 289-291.  While she did not render

7    an opinion about Plaintiff's ability to carry out more complex tasks, it does not necessarily mean

8    that he could not do so.  In any event, a restriction to simple tasks would not affect the ALJ's

9    conclusion that Plaintiff did not have any severe impairments.  The record was not inadequate or

10   ambiguous so as to trigger the ALJ's duty to develop the record.  *Tonapetyan v. Halter*, 242 F.3d

11   1144, 1150 (9th Cir.2001).

12   B.    ALJ Bias

13        Next, Plaintiff conclusively argues that the ALJ's bias was behind the finding that

14   Plaintiff did not have a severe impairment.

15        When faced with a claim of bias, the Court must start with the presumption that

16   administrative adjudicators are unbiased and that they exercise their decision-making authority

17   with honesty and integrity.  *See Schneider v. McClure*, 456 U.S. 188, 195-196 (1982); *Withrow v.*

18   *Larkin*, 421 U.S. 35, 47 (1975).  This presumption can be rebutted by a showing of a conflict of

19   interest or by showing some other specific reason for disqualification.  *Schneider*, 456 U.S. at

20   195.  The burden of overcoming this presumption rests with the Plaintiff.  *Id.* At 196.

21        Plaintiff's counsel has unsuccessfully made this argument numerous times before this

22   Court.  Rather than cite general statistics as counsel has done previously, Ms. Fazio gives an

23   explanation of a challenge against ALJ Berry with the Office of General Counsel.  Plaintiff

24   contends that as a result of the challenge, ALJ Berry has, in retaliation, refused to approve almost

25   all of the cases brought by the attorneys who participated in the challenge.  Plaintiff also explains

26   that the ALJ refused to recuse himself despite Plaintiff's request.

27        Again, Plaintiff's counsel has failed to provide this Court with the requisite evidence

28   needed to find bias.  Plaintiff's explanation is nothing more than a generalized claim that does

8

1    not demonstrate actual prejudice, i.e., that the ALJ's behavior was so "extreme as to display clear

2    inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001).

3         The only specific evidence cited by Plaintiff is the fact that the ALJ relied on "husband

4    and wife CE" Rustom F. Damania, M.D., and Shireen R. Damania, M.D.  Opening Brief, at 5.

5    This fact alone, however, falls far short of overcoming the presumption that the ALJ was not

6    biased.

7    C.    Analysis of Testimony

8         Plaintiff contends that the ALJ failed to properly review Plaintiff's testimony and instead

9    "gave a few lines to the testimony from the hearing, with even less rationale as to why he rejected

10   it."  Opening Brief, at 5.

11        The ALJ is required to make specific findings assessing the credibility of plaintiff's

12   subjective complaints.  *Cequerra v. Secretary of HHS*, 933 F.2d 735 (9th Cir. 1991).  In rejecting

13   the complainant's testimony, "the ALJ must identify what testimony is not credible and what

14   evidence undermines the claimant's complaints."  *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.

15   1996) (quoting *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir.

16   1988)).  Pursuant to Ninth Circuit law, if the ALJ finds that the claimant's testimony as to the

17   severity of her pain and impairments is unreliable, the ALJ must make a credibility determination

18   with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily

19   discredit claimant's testimony.  *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

20        "The ALJ may consider at least the following factors when weighing the claimant's

21   credibility: '[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]

22   testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work

23   record, and testimony from physicians and third parties concerning the nature, severity, and effect

24   of the symptoms of which [claimant] complains."  *Id.* (citing *Light v. Soc. Sec. Admin.,* 119 F.3d

25   789, 792 (9th Cir. 1997).  "If the ALJ's credibility finding is supported by substantial evidence in

26   the record, we may not engage in second-guessing."  *Id.*

27        First, Plaintiff incorrectly argues that SSR 96-7p sets forth a mandatory procedure

28   through which an ALJ must assess the claimant's credibility.  While courts give the SSRs some

1   deference, they do not have the force of law. *Holohan v. Massanari,* 246 F.3d 1195, 1203, n. 1

2   (9th Cir. 2001).

3   _____Second, the ALJ need not devote excess time to a discussion of Plaintiff's credibility so

4   long as the rationale is sufficient to allow the Court to conclude that the ALJ did not arbitrarily

5   discredit Plaintiff's testimony.  Here, the ALJ set forth portions of Plaintiff's testimony and

6   concluded that his allegations were not corroborated by reliable medical evidence.  AR 20.  The

7   ALJ explained that while the medical evidence showed a history of war-related injuries and a

8   slight deformity of the right wrist, Dr. Damania's examination was otherwise essentially normal.

9   AR 20.  *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).  The ALJ also explained that

10  Plaintiff's treatment had been fairly conservative and, despite his allegations of chronic pain,

11  Plaintiff was not receiving treatment consistent with chronic pain syndrome and was not referred

12  to a pain specialist.  AR 21.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  The ALJ

13  further noted that Plaintiff was able to provide a thorough history of his life events despite his

14  allegations of a mental health problem.  AR 21.  *Thomas*, 278 F.3d at 958.

15  _____While Plaintiff may not agree with the ALJ's interpretation of the evidence, it is his duty,

16  as the trier of fact, to assess credibility.  *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989).  The

17  Court must uphold the ALJ's decision were the evidence is susceptible to more than one rational

18  interpretation.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  Here, the ALJ made

19  sufficient findings to allow the Court to determine that his analysis was not arbitrary.  *Thomas,*

20  278 F.3d at 958.

21  D.   Finding of Non-Disability

22  _____Finally, Plaintiff argues that the ALJ erred in finding that there was no change in his

23  condition since the last ALJ decision and therefore erred in finding that Plaintiff did not have a

24  severe impairment.  __

25  _____The principals of res judicata apply to administrative decisions and in order to overcome

26  the presumption of continuing non-disability arising from a prior ALJ's finding of non-disability,

27  plaintiff must prove "changed circumstances" indicating a greater disability.  *Chavez v. Bowen*,

28  844 F.2d 691 (9th Cir. 1988).  A changed circumstance includes a change in the claimant's age

10

1    category under 20 CFR 404.1563 or 416.963, an increase in the severity of the claimant's

2    impairment(s), the alleged existence of an impairment(s) not previously considered, or a change

3    in the criteria for determining disability.  Acquiescence Ruling 97-4(9).

4         In support of his argument, Plaintiff points to evidence of impairments that he contends

5    have surfaced or worsened since the denial of his prior application.  For example, he contends

6    that he has been diagnosed with fibromyalgia, has had a lumbar x-ray showing an L2

7    compression fracture, vascular calcification and osteopenia, and has had a renal ultrasound

8    confirming cholelithiasis.  Plaintiff also points to his malnutrition and increased age.

9         Despite this evidence, however, there is no indication that Plaintiff's condition(s)

10    increased in severity.  His age category has not changed and the prior decision considered each of

11    the impairments presented in his current application.  Moreover, the ALJ cited ample evidence in

12    support of his determination that Plaintiff failed to overcome the presumption of continuing non-

13    disability.  AR 22.  Both consultive examiners concluded that Plaintiff had essentially no

14    limitations.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2002); *Tonapetyan v. Haler*,

15    242 F.3d 1144, 1149 (9th Cir. 2001) (consultive examiner's opinion may constitute substantial

16    evidence because it is based on examiner's independent findings and observations).  The ALJ

17    properly rejected the restrictive opinion of Dr. Phillips as based on subjective complaints rather

18    than objective medical evidence.  AR 19-20.  *Thomas,* 278 F.3d at 957; *Fair v. Bowen*, 885 F.2d

19    597, 605 (9th 1989).

20                  **RECOMMENDATION**

21         Based on the foregoing, the Court finds that the ALJ's decision is supported by

22    substantial evidence in the record as a whole and is based on proper legal standards.

23    Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision

24    of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for

25    Defendant Jo Anne B. Barnhart and against Plaintiff Cher Chang.

26         These findings and recommendations will be submitted to the Honorable Anthony W.

27    Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after

28

being served with these findings and recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 15, 2005                    /s/ Dennis L. Beck
3b142a                                    UNITED STATES MAGISTRATE JUDGE